UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
(Southern Division)

THEODORE CAMERON MCAVOY,    Case No. 2:09-cv-10122

    Plaintiff,    Hon. Patrick J. Duggan
                                                  Hon. Mag. Virginia M. Morgan

v.

STERIS CORPORATION,

    Defendant.
_____/

| Matthew L. Turner (P48706) | Daniel J. Scully, Jr. (P36530) |
|---|---|
| Turner & Turner PC | Brian M. Ziff (P58124) |
| 26000 W. 12 Mile Road | Cynthia M. Filipovich (P53173) |
| Southfield, MI 48304 | Clark Hill PLC |
| (248) 355-1727 | 500 Woodward Avenue, Suite 3500 |
| Co-Counsel for Plaintiff | Detroit, Michigan 48226-3435 |
|  | (313) 965-8300 |
| Michael S. Daoudi (P53261) | Attorneys for Defendant STERIS Corporation |
| Law Offices of Michael S. Daoudi, P.C. |  |
| 26711 Northwestern Hwy., Suite 200 |  |
| Southfield, MI 48033 |  |
| (248) 352-0800 |  |
| Co-Counsel for Plaintiff |  |

_____/

**STIPULATED PROTECTIVE ORDER**

At a session of said Court
held in the U.S. District Court
Eastern District of Michigan, Southern Division
on: December 2, 2009.

PRESENT: PATRICK J. DUGGAN
United States District Judge Patrick J. Duggan

The matter having come before the Court in the above-captioned lawsuit (the "Litigation"); and the Court being advised in the premises;

IT IS THEREFORE ORDERED as follows:

1. This Protective Order shall apply to all "Confidential Information" produced by one party ("the Producing Party") to another party ("the Receiving Party") and shall govern the use of that Confidential Information by the Receiving Party. As more particularly set forth herein, it is the intention of this Protective Order that Confidential Information may be used by a Receiving Party for any and all purposes in connection with the Litigation, including any appeal, and for no other purpose.

2. As used herein, "Confidential Information" means information produced by a Party or a Party's employee and deemed by the Producing Party in good faith to contain trade secrets or non-public technical, commercial, financial, proprietary, personal, or business information. Confidential Information may be contained in documents produced by a Producing Party, testimony taken during depositions of a Party or Party's employee, answers and responses to discovery, pleadings and papers filed by a Party, exhibits produced by a Party, testimony or proceedings before the Court by a Party, Party's employee, or Party's counsel, and other ways pertaining to the conduct of the Litigation, including any appeal, as long as it comes directly from a Party or an employee of a Party.

3. Designation of a document containing Confidential Information shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."

    A. Except for documents produced for inspection at the parties' facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the Producing Party's facility or attorney's office, such documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked "CONFIDENTIAL" after copying and before delivery to the Receiving Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of

2

confidential documents before they are copied and marked "CONFIDENTIAL" pursuant to this procedure.

B. In the event that Confidential Information is inadvertently not designated as "CONFIDENTIAL," the Receiving Party, upon notice from the Producing Party, will designate and treat such documents as "CONFIDENTIAL" from that point forward.

4. Testimony taken at a deposition or hearing regarding Confidential Information may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or hearing or within ten (10) days after receipt of a transcript (but only if the pages of the transcript containing the Confidential Information are identified). The use of Confidential Information at any deposition or hearing shall not alter the confidential nature of such information and documents or the provisions of this Order.

5. Information or documents designated as "CONFIDENTIAL" by a Producing Party shall not be used, copied, distributed, or disclosed by the Receiving Party, that party's counsel, or any persons identified in Paragraph 6 herein for any purpose whatsoever other than preparing for and conducting the Litigation, including any appeal.

6. The Receiving Party and counsel for that party shall not disclose or permit the disclosure of Confidential Information, including documents designated as "CONFIDENTIAL" under this Order, to any other person or entity, except that disclosure of Confidential Information may be made in the following circumstances:

A. Disclosure may be made to the Receiving Party, counsel for the Receiving Party, and employees of that counsel's firm who are engaged in the conduct of any of the Litigation, including any appeal;

B. Disclosure may be made to the Court and to persons employed by the Court;

C. Disclosure may be made to case evaluators, mediators, arbitrators, and/or facilitators;

6174980.1 19934/127022
6174980.1 19934/127022

    D.    Disclosure may be made to court reporters and outside vendors hired for the limited purpose(s) of making photo copies of documents, exhibits, enlargements, and/or operating video recording equipment;

    E.    Disclosure may be made to any deponent or witness who is currently an employee, consultant or expert (as that term is defined in sub-paragraph G below) of the party that produced the Confidential Information;

    F.    Disclosure may be made to any person designated by the Court upon such terms as may be determined by the Court;

    G.    Disclosure may be made to consultants, investigators, and experts (hereinafter collectively referred-to as "experts") employed or retained by the Receiving Party or counsel for the Receiving Party to assist in the preparation and conduct of this case, only if such expert first agrees to be bound by this Order as set forth in Paragraph 7 below; and

Nothing in this Protective Order shall impose any restriction on the use or disclosure by any person of Confidential Information obtained from public sources, whether or not said Confidential Information is also obtained during proceedings in the Litigation.

7.    Each person given access to Confidential Information pursuant to sub-paragraph 6G above shall be advised in advance that such Confidential Information is being disclosed subject to the terms of this Order.

8.    A Receiving Party may challenge any designation of Confidential Information by applying to the Court for a ruling that such designation be removed.  The Producing Party shall be given notice of the application or motion and the opportunity to respond.  When so challenged, the Producing Party has the burden of showing that there is good cause for the document or material to have such confidentiality protection.  Until confidential status may be removed by the Court or upon agreement of counsel, the document or material shall retain its confidential status.

9.    If a court or governmental body with subpoena authority orders a Receiving Party or its counsel to produce Confidential Information of the Producing Party, the Receiving Party

and/or counsel shall, as soon as it realizes that the subpoena seeks the Producing Party's Confidential Information, forward a copy of the subpoena to the Producing Party. It shall be incumbent on the Producing Party to take whatever steps it deems appropriate to protect its Confidential Information, and neither the Receiving Party nor its counsel shall have any liability to the Producing Party for complying with a subpoena.

10. Except as provided in paragraph 6 herein, counsel for the parties shall keep all Confidential Information and documents which are received under this Order secure within their exclusive possession and shall place such documents in a secure area. Counsel shall collect all "CONFIDENTIAL" documents from those persons who were provided copies of said documents after said persons' involvement in the Litigation is concluded. Within 30 days after the conclusion of the Litigation, including any appeal, all "CONFIDENTIAL" documents, including copies, shall be destroyed by the Receiving Party.

11. Nothing contained in this Order is intended to require the production of non-relevant or privileged documents or to prevent a party from withholding production on those grounds. This Order is without prejudice to the right of any party to bring a motion for a separate protective order as to any document or information seeking protections which differ or are greater than those specified herein. Any privileged documents inadvertently produced shall, upon request from the Producing Party, be immediately returned to that party.

12. Non-parties to this litigation who receive subpoenas or other discovery requests that would require the disclosure of Confidential Information may invoke the provisions of this Order.

13. The obligations not to disclose Confidential Information imposed on the parties in this Protective Order shall survive the conclusion of the Litigation. In the event of a breach or

threatened breach of any provision in this Order, the non-breaching Party shall be entitled to immediate injunctive relief from an appropriate court, without the necessity of showing any irreparable injury or special damages.

IT IS SO ORDERED.

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: December 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 2, 2009, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

**STIPULATION TO ENTRY OF ORDER**

The parties in the above-captioned lawsuit, through their respective undersigned counsel, herein stipulate and agree that the foregoing Protective Order may be entered by the Court.

s/Matthew L. Turner (w/permission)
Matthew L. Turner (P48706)
Turner & Turner PC
26000 W. 12 Mile Road
Southfield, Michigan 48304
(248) 355-1727
Co-Counsel for Plaintiff

s/Daniel J. Scully, Jr.
Daniel J. Scully, Jr. (P36530)
Brian M. Ziff (P58124)
Cynthia M. Filipovich (P53173)
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
Attorneys for Defendant STERIS Corporation

s/Michael S. Daoudi (w/permission)
Michael S. Daoudi (P53261)
Law Offices of Michael S. Daoudi, P.C.
26711 Northwestern Hwy., Suite 200
Southfield, Michigan 48033
(248) 352-0800
Co-Counsel for Plaintiff

Date: December 2, 2009

6174980.1 19934/127022
6174980.1 19934/127022